72 F.3d 136
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Lee BAILEY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Tucker GLOVER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro Blake JANE, Defendant-Appellant.
 Nos. 95-10023, 95-10024, 95-10025.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 29, 1995.*
Decided Dec. 12, 1995.
 
 1
 Before GOODWIN and HAWKINS, Circuit Judges, and FITZGERALD**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The sole question presented in this appeal is whether the district court erred in denying appellants' motion to dismiss their indictment based on a violation of the Double Jeopardy Clause of the United States Constitution. This court has held that a criminal prosecution following an administrative forfeiture of unclaimed property does not violate the Double Jeopardy Clause. See United States v. Cretacci, 62 F.3d 307 (9th Cir.1995).
 
 
 4
 The parties do not dispute that the property at issue--two Ford pickup trucks, an electronic scale, a handgun and ammunition, and $2,231 in U.S. currency--was seized and administratively forfeited in May 1994, in connection with the drug trafficking offenses charged against appellants. It is also undisputed that appellants received adequate notice of the forfeiture of their property and failed to file a claim of ownership for any of the property.
 
 
 5
 We find that this case is controlled by Cretacci. By failing to file a claim in the civil forfeiture proceeding, appellants effectively abandoned any interest in the forfeited property. "Just as the seizure of abandoned property cannot be said to implicate the former owner's privacy rights ... the forfeiture of abandoned property cannot be said to implicate the former owner's double jeopardy rights." Cretacci, 62 F.3d at 310-11. Accordingly, the uncontested administrative forfeiture of property did not serve to punish appellants and, therefore, the pending criminal prosecution cannot constitute double jeopardy.
 
 
 6
 AFFIRMED.
 
 
 
 *
 In a court order filed September 20, 1995, the panel unanimously found this case suitable for decision without oral argument and ordered it submitted on October 17, 1995. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4. Subsequently, the court filed an order on October 4, 1995, granting appellants' emergency motion to defer submission of case pending final resolution of related case: United States v. Cretacci
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3